UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENNIE IRVIN,

           Plaintiff,           Case No. 2:10-cv-18

v.           Honorable R. Allan Edgar

UNKNOWN OWENS, et al.,

           Defendants.
_____/

## OPINION

        Plaintiff prisoner Bennie Irvin, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on January 28, 2010. On March 9, 2010, the court issued an opinion and order partially dismissing Plaintiff's complaint for failure to state a claim. The remaining Defendants in this action are Chippewa Correctional Facility Dr. R. Kent Owens, DDS and Dental Assistant Beckie Rosebrock, CDA. Plaintiff sues these remaining Defendants in their official capacity. Plaintiff has asserted that Defendants violated his Eighth Amendment rights to receive dental care.

        Plaintiff alleges that he sent a kite to Dr. Owens explaining that he needed a tooth pulled. Plaintiff asserts that he was examined by Dr. Owens on July 16, 2009. Dr. Owens noted that there was a little bleeding in Plaintiff's mouth and instructed Plaintiff to kite back when it became infected. Plaintiff sent a second kite asking for reconsideration of the decision to delay pulling the tooth. Defendant nurse Rosebrock responded that Plaintiff should re-kite if his tooth became infected. Plaintiff then filed grievances on Defendants. Plaintiff states that on August 5, 2010, he was called out by Dr. Owens and asked if he wanted his teeth cleaned. Plaintiff responded that he had

tooth pain and he was afraid that Defendants would retaliate against him. Plaintiff's affidavit states that he told Dr. Owens "I would refuse any dental work from him or his staff for fear of retaliation." Plaintiff was called out again on August 12, 2009, for a teeth cleaning, but he indicated that he feared retaliation from Defendants. Plaintiff was forced to buy "pain pills" from the prison store. Plaintiff was transferred to the Newberry Correctional Facility on March 12, 2010. On April 23, 2010, Plaintiff's tooth was removed by an oral surgeon.

Defendants move for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the Plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the Plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence

to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff has sued Defendants only in their official capacities. The Eleventh Amendment bars litigants from suing a state in federal court. When a suit for damages is brought against a state official in his official capacity, the case is one against the state and is barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21 (1991). Such a suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 25 (quoting Monell v. New York City Department of Social Services, 436 U.S. 658, 690, n.55 (1978)). *See also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As a result, the suit is no different from one naming the state itself. *Hafer*, 502 U.S. at 26 (*quoting Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)). Thus, this Court lacks jurisdiction over Plaintiff's claims for damages.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical or dental care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here

3

the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not

4

enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006).

Defendant Rosebrock placed Plaintiff on the schedule to see the dentist, Defendant Dr. Owens. Plaintiff did not appear for his May 15, 2009, appointment. Plaintiff kited again on June 17, 2009. Defendant Rosebrook placed Plaintiff on the teeth cleaning schedule, because the kite did not state why Plaintiff wanted to see the dentist. Before the scheduled appointment, Plaintiff kited on July 13, 2009, requesting a tooth extraction. On July 16, 2009, Dr. Owens examined Plaintiff and found him asymptomatic without any swelling. Dr. Owens felt that Plaintiff's condition was not urgent. Dr. Owens states that Plaintiff was scheduled for a full examination on August 5, 2009, but Plaintiff did not appear for his examination. As of August 5, 2009, Plaintiff indicates that he had no intention of letting Dr. Owens or his staff perform any dental work on him for fear of retaliation. Plaintiff was scheduled for another examination on August 12, 2009, after he complained of swelling in an August 11, 2009, kite. Plaintiff appeared for the appointment, but indicated at the time of his appointment that he did not need to be seen.

Plaintiff was examined by Dr. Owens. Dr Owens, did not feel that it was necessary, at the time of the examination, to extract Plaintiff's tooth. Plaintiff was informed to kite health care if the tooth became infected. When Defendant kited health care, after Dr. Owens had examined him, he simply asked for reconsideration of his request to have his tooth pulled. Defendant Rosebrook informed Plaintiff to re-kite if his tooth seemed infected. Plaintiff admits that soon after he made these requests he decided that he did not want Defendants to provide him any more dental care, because he feared that they would retaliate against him. Defendants were not deliberately indifferent to Plaintiff's dental needs. Defendant Dr. Owens examined Plaintiff and felt that it was not appropriate to extract the tooth at that time. Plaintiff simply disagrees with his dentist's opinion. Dr. Owens wanted to monitor the situation and wait to see if an infection developed. Plaintiff admits that he refused further treatment from Dr. Owens and his staff for fear of retaliation. Under these circumstances Plaintiff's Eighth Amendment rights were not violated.

In light of the foregoing, the court concludes that Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment. Accordingly, Defendants' Motion for Summary Judgment (Docket #9) is granted.

An Order and Judgment consistent with this Opinion will be entered.

Dated:    2/22/2011                                         /s/ R. Allan Edgar
                                                            R. ALLAN EDGAR
                                                            UNITED STATES DISTRICT JUDGE